**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**


**MICHAEL SHANE TOWNSON,**

     **Plaintiff,**

**vs.**                                 **Case No. 4:10cv135-SPM/WCS**

**J. SPEIGHTS, et al.,**

     **Defendants.**

_____/


**REPORT AND RECOMMENDATION**

Plaintiff, an inmate proceeding *pro se* and *in forma pauperis*, has filed an amended civil rights complaint under 42 U.S.C. § 1983.  Doc. 9.  Plaintiff has also filed a motion entitled "quick relief sought for fear of irreparable harm."  Doc. 10.  That motion seeks an order sending Plaintiff "to a protective manage[ment] unit until this case is resolved" of transferring Plaintiff to another institution.  *Id.*  Specifically, Plaintiff seeks transfer to Columbia Correctional Institution or Martin Correctional Institution.  *Id.*  A few days later, Plaintiff filed a "request for restraining order."  Doc. 11.  That motion advises he was under "protective management status awaiting Tallahassee's decision to approve or deny [his] request for protection."  *Id.*  Plaintiff states that on that date, June

1, 2010, his request was denied again. Plaintiff fears he will be placed back in open population, but states he can't live there because his life is in danger. *Id.* Plaintiff wants a restraining order against the Defendants who have denied him protection, and an order directing his transfer off that compound. Doc. 11.

Both of the motions lack any statement of facts showing why Plaintiff believes his life is in danger, why he fears physical attack, from whom he fears any attack, or any facts to show the basis for his fear. The motions themselves are insufficient to show that Plaintiff needs a transfer or protective custody.

I have simultaneously reviewed Plaintiff's amended complaint, doc. 9, which brings claims against seven Defendants. Plaintiff alleges he was approached by four inmates, known gang members, who threatened Plaintiff, believing he was an informant. *Id.*, at 6. One inmate punched Plaintiff in the face, and he had to receive medical treatment. *Id.* Plaintiff then asked for protection, and was "placed in administrative confinement pending protection." *Id.* Plaintiff's amended complaint indicates his request was denied by the Institution Classification Team (I.C.T.) which consisted of Defendants Landrum, Prideon, and Andrews, because Plaintiff could not give the names of inmates, only nicknames. Plaintiff states, however, that he also gave bunk numbers and housing locations. *Id., at 6-7.* Plaintiff appealed the denial of his request, which was also denied.

When Plaintiff was released back to open population, he was sent back to his previous dormitory. *Id.*, at 7. Another inmate approached him and threatened Plaintiff for being an informant. Plaintiff returned to his dorm and would not go back outside. The next day, Plaintiff approached an officer requesting protective custody and saying

he was in fear for his life. Plaintiff provided the names of three inmates who threatened him, and they were interviewed and statements were obtained. *Id.*, at 7-8. Plaintiff had another meeting with a second I.C.T. team (consisting of Defendants Speights, Andrews, and Gilliam), who again denied his request for protective custody. *Id.*, at 8. Plaintiff appealed that denial as well. *Id.* Plaintiff contends all seven named Defendants violated his Eighth Amendment rights in denying him protection, and as relief, Plaintiff wants to be transferred "to another state" or, apparently, to be placed in a protective management unit. *Id.*, at 13. Plaintiff also seeks monetary damages for "pain and suffering, mental and physical anguish." *Id.*

The Eighth Amendment "imposes upon prison officials the duty to 'provide humane conditions of confinement.' " Farmer v. Brennan, 511 U.S. 825, 832, 114 S. Ct. 1970, 1976, 128 L. Ed. 2d 811 (1994). Included within the Amendment's requirements is that prison officials must "take reasonable measures to guarantee the safety of the inmates." Farmer, 511 U.S. at 832, 114 S. Ct. at 1976, *quoting* Hudson v. Palmer, 468 U.S. 517, 526- 527, 104 S. Ct. 3194, 3200, 82 L. Ed. 2d 393 (1984). In guaranteeing their safety, officials must "protect prisoners from violence at the hands of other prisoners." Farmer, 511 U.S. at 833, 114 S. Ct. at 1976-1977, *citing* Cortes-Quinones v. Jimenez-Nettleship, 842 F.2d 556, 558 (1st Cir.), *cert. denied* 488 U.S. 823 (1988). To prevail on an Eighth Amendment failure-to-protect claim, an inmate must make two showings. First, he must demonstrate that he is "incarcerated under conditions posing a substantial risk of serious harm."[1] Farmer, 511 U.S. at 834, 114 S. Ct. at 1977, *citing*

---

[1] The Court did not address the question of "[a]t what point a risk of inmate assault becomes sufficiently substantial for Eighth Amendment purposes." 511 U.S. at 834, n.3, 114 S. Ct. at 1977, n.3.

Helling v. McKinney, 509 U.S. 25, 35, 113 S. Ct. 2475, 2481, 125 L. Ed. 2d 22 (1993).

Second, he must show that the defendant prison official had a "culpable state of mind"

(deliberate indifference) in that he knew of and disregarded "an excessive risk to inmate

health or safety." 511 U.S. at 834, 837, 114 S. Ct. at 1977, 1979. Construed liberally,

Plaintiff's amended complaint demonstrates those requirements and state a claim.

Service should be directed and Defendants ordered to respond.

Although I find the amended complaint to be viable, that decision does not

resolve the issue of Plaintiff's motions, docs. 10 and 11. Granting or denying a

preliminary injunction is a decision within the discretion of the district court. Carillon

Importers, Ltd. v. Frank Pesce Intern. Group Ltd., 112 F.3d 1125, 1126 (11th Cir. 1997),

*citing* United States v. Lambert, 695 F.2d 536, 539 (11th Cir. 1983). Guiding this

discretion is the required finding that plaintiff has established:

(1) a substantial likelihood of success on the merits;

(2) a substantial threat of irreparable injury if the injunction were not granted;

(3) that the threatened injury to the plaintiffs outweighs the harm an injunction may cause the defendant; and

(4) that granting the injunction would not disserve the public interest.

Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000); Carillon Importers, Ltd., 112

F.3d at 1126; United States v. Jefferson County, 720 F.2d 1511, 1519 (11th Cir. 1983).

A preliminary injunction is an extraordinary and drastic remedy and should not be

granted unless the movant "clearly carries the burden of persuasion" of all four

prerequisites, which is always upon the plaintiff. Jefferson County, 720 F.2d at 1519,

*citing* Canal Auth. v. Callaway, 489 F.2d 567 (5th Cir. 1974).

Here, it cannot be said that Plaintiff does not face a likelihood of success, but it is questionable whether that likelihood is substantial or not.  Plaintiff will be given the benefit of the doubt on this element.  Plaintiff's second element does not weigh in Plaintiff's favor because the motions seeking injunctive relief do not explain the injury, the nature of the threat, or any real basis for the motion.

Review of the substance of the complaint is a separate consideration from the review of the substance of the motions.  It took reading the amended complaint to determine the facts as the motions are wholly insufficient on their face.  There are no supporting facts within the motions and, thus, the motions do not make the demonstration needed.  Furthermore, Plaintiff's motions do not show that he cannot be protected from harm from other inmates in his current custody status.  Because Plaintiff's motion are both insufficient to show that injunctive relief is needed at *this* point in the proceedings, the motions should be denied.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's motion for "quick relief," doc. 10, and motion for temporary restraining order, doc. 11, be **DENIED** and this case **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on July 7, 2010.


 s/      William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**



**NOTICE TO THE PARTIES**

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.